**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| SHAUN L. STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-500 |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Shaun L. Steele on October 28, 2008. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Shaun L. Steele, a *pro se* prisoner, brings this civil action seeking monetary damages from the State of Indiana, the Indiana Parole Board, Christopher Meloy, Doug Hivert, and Vallarie Parker. He alleges that, as members of the parole board, the three aforementioned individuals wrongfully revoked his parole.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

The Seventh Circuit has explained that, "Consistent with the other circuits, we have held that parole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) (quotation marks and citation omitted). "[A]ctivities that are inexorably connected with the execution of parole revocation procedures and are analogous to judicial action invoke absolute immunity." *Id*. *See also Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1989)(Board members are absolutely protected from suit for even mundane, mechanical tasks related to the judicial process such as scheduling of revocation hearings.) Because they are immune from suit, the parole board members will be dismissed.

Additionally, the Eleventh Amendment prohibits monetary damage suits against States and their agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). *See also Smith v. Illinois Parole Board*, 1995 WL 687652, *5 (7th Cir. November 15, 1995)("The parole board and its officers in their official capacities are protected by sovereign immunity under the Eleventh Amendment."). Therefore the other two defendants, The State of Indiana and the Indiana Parole Board, must also be dismissed.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED:  November 18, 2008**              /s/RUDY LOZANO, Judge
                                         **United States District Court**